STATE OF NORTH CAROLINA  FILED          IN THE GENERAL COURT OF JUSTICE
COUNTY OF WILSON                          SUPERIOR COURT DIVISION
                                    11 MAR 11 PM 3:39
----------------------------------------X        FILE NO.: 11cvs455

ALEICA DOCKERY, ALEICA DOCKERY as
Administrator of the Estate of LATOYA
McKEITHAN, MICHAEL DOCKERY and
DeANGELO McKEITHAN,          BY_____          **COMPLAINT and**
                                                 **DEMAND FOR JURY TRIAL**

              Plaintiffs,

v.

803 TRUCKING, 803 TRUCKING LLC, 803
MOTORSPORTS LLC, JEFFREY LEON
McCLOUD, JOHN J. JERUE TRUCK
BROKER, INC., JOHN J. JERUE
TRANSPORTATION, INC., JERUE INC.,
DIEL-JERUE INC., DIEL-JERUE
LOGISTICS, INC., C&S WHOLESALE
GROCERS, INC. d/b/a C&S WHOLESALE
GROCERS, COLLINGTON SERVICES, LLC,
DUBOIS LOGISTICS, LLC, ERIE
LOGISTICS, LLC, ES3,LLC, CENTRAL
AMERICAN PRODUCE, INC., JACOBS
AUTOMOTIVE GROUP, JACOBS
AUTOMOTIVE GROUP LLC, JODIE ANDY
PASS and JODIE ANDY PASS JR.,
              Defendants,
----------------------------------------------------X

Plaintiff ALEICA DOCKERY, ALEICA DOCKERY as Administrator of the Estate of
LATOYA McKEITHAN, MICHAEL DOCKERY and DeANGELO McKEITHAN moves for
judgment against Defendants 803 TRUCKING, 803 TRUCKING LLC, 803 MOTORSPORTS
LLC (hereinafter "803"); JEFFREY LEON MCCLOUD (hereinafter "MCCLOUD"); JOHN J.
JERUE TRUCK BROKER, INC., JOHN J. JERUE TRANSPORTATION, INC., JERUE INC.,
DIEL-JERUE INC., DIEL-JERUE LOGISTICS, INC. (hereinafter "JERUE"); C&S
WHOLESALE GROCERS, INC. d/b/a C&S WHOLESALE GROCERS, COLLINGTON
SERVICES, LLC, DUBOIS LOGISTICS, LLC, ERIE LOGISTICS, LLC and ES3,LLC
(hereinafter "C&S"); CENTRAL AMERICAN PRODUCE, INC. (hereinafter "CAP"); JACOBS
AUTOMOTIVE GROUP and JACOBS AUTOMOTIVE GROUP LLC (hereinafter "JACOBS");
JODIE ANDY PASS and JODIE ANDY PASS JR.

**EXHIBIT**
B

## PRELIMINARY STATEMENT AND JURISDICTION

1.  This suit arises from a motor vehicle accident which occurred on March 29, 2009 on Interstate 95 in Nash County, North Carolina. Defendant McCLOUD was operating a tractor owned by Defendant 803 and trailer owned by Defendant JACOBS when he negligently and recklessly drove into the rear of a vehicle owned by Defendant PASS JR. and negligently operated by Defendant PASS. All Plaintiffs were passengers in the vehicle operated by Defendant PASS. As a result LaTOYA McKEITHAN was killed, ALEICA DOCKERY was rendered paraplegic and MICHAEL DOCKERY and DeANGELO McKEITHAN sustained personal injuries.

2.  Plaintiffs ALEICA DOCKERY, MICHAEL DOCKERY and DeANGELO McKEITHAN are residents of the State of Georgia.

3.  LaTOYA McKEITHAN, at the time of her death, was a resident of the State of New York. By Order of the Surrogate's Court of Westchester County of the State of New York, ALEICA DOCKERY was granted Letters of Administration of the Estate of LaTOYA McKEITHAN on January 3, 2011. Ancillary Letters were issued to ALEICA DOCKERY by the Wilson County Superior Court Division of the General Court of Justice, State of North Carolina.

4.  Defendant 803 TRUCKING is an entity organized and existing under the laws of South Carolina and is a resident thereof. Defendants 803 TRUCKING LLC and 803 MOTORSPORTS, LLC are limited liability corporations incorporated and maintaining their principal places of business in South Carolina and are subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

5.  Defendant JACOBS AUTOMOTIVE GROUP is an entity organized and existing under the laws of South Carolina and is a resident thereof. Defendant JACOBS AUTOMOTIVE GROUP LLC is a limited liability corporations incorporated and maintaining its principal places of business in South Carolina and are subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

6.  Defendant JEFFREY LEON MCCLOUD is a citizen of the State of South Carolina and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

7.  Defendants JERUE are corporations organized and existing under the laws of the State of Florida and maintain their principal places of business in the State of Florida and are subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

8.  Defendant CENTRAL AMERICAN PRODUCE, INC. is a corporation organized and existing under the laws of the State of Florida and maintains its principal place of business in the State of Florida and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

9. Defendant COLLINGTON SERVICES, LLC is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of Maryland and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

10. Defendant DUBOIS LOGISTICS, LLC is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the Commonwealth of Pennsylvania and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

11. Defendant ERIE LOGISTICS, LLC is a corporation organized and existing under the laws of the State of New York and maintains its principal place of business in the State of New York and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

12. Defendant ES3 is a corporation organized and existing under the laws of the State of Delaware and maintains its principal place of business in the State of New Hampshire and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

13. Defendant C&S WHOLESALE GROCERS is a corporation organized and existing under the laws of the State of New Hampshire and maintains its principal place of business in the State of New Hampshire and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

14. Defendant JODIE ANDY PASS is a resident of the State of New York and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

15. Defendant JODIE ANDY PASS JR. is a resident of the State of New York and is subject to jurisdiction pursuant to N.C. Gen. Stat. §1-75.4.

FIRST CAUSE OF ACTION

NEGLIGENCE OF DEFENDANTS 803, McCLOUD, PASS & PASS JR.

16. All allegations and causes of action above are incorporated into this cause of action by reference.

17. On March 29, 2009 and prior thereto Defendant McCLOUD was an agent, servant and/or employee of Defendant 803.

18. On March 29, 2009, while in the course of his employment, Defendant McCLOUD was operating a tractor owned by Defendant 803 and trailer leased to Defendant 803 by Defendant JACOBS.

3

19. Defendant McCLOUD had a duty to operate his tractor-trailer in a safe and reasonable manner, to maintain a safe speed, to maintain a proper lookout and stopping distance, to yield the right of way and obey all traffic laws including FMCSA regulations.

20. Defendant McCLOUD breached his duty and was careless, reckless and negligent in the operation of the tractor-trailer when he drove into and over the vehicle in which Plaintiffs were passengers which vehicle was proceeding in front of Defendant's tractor-trailer on Interstate 95 in Nash County, North Carolina.

21. Defendant 803 is liable for the negligence of its agent, servant and/or employee Defendant McCLOUD under the laws of agency and respondent superior.

22. Defendant PASS operated the vehicle in which Plaintiffs were passengers in a negligent manner.

23. Defendant PASS JR. is vicariously liable for the negligence of Defendant PASS.

24. Defendant JACOBS is vicariously liable for the negligence of Defendant McCLOUD.

25. Defendants' negligence was the direct and proximate cause of injuries to Plaintiffs including the death of LATOYA McKEITHAN, paraplegia of ALEICA DOCKERY and lacerated ear and soft tissue injuries of DeANGELO McKEITHAN and soft tissue injuries to MICHAEL DOCKERY. In addition, Plaintiff MICHAEL DOCKERY was and will be deprived of the society, companionship, services, earnings and consortium of his spouse, ALEICA DOCKERY.

26. As a direct result of the negligence of the Defendants all Plaintiffs suffered physical and mental pain, suffering and anguish, lost ability to perform usual activities resulting in a diminished quality of life and have lost past and future wages; have incurred medical and health care expenses and will continue to incur same in the future. The Estate of LATOYA McKEITHAN is entitled to the elements of damage set forth in N. C. Gen. Stat. 28A-18-2.

SECOND CAUSE OF ACTION

AGENCY LIABILITY AGAINST JERUE, C&S AND CAP

27. All allegations and causes of action above are incorporated into this cause of action by reference.

28. Defendant JERUE, a licensed property broker and licensed motor property contract carrier, retained 803 and McCLOUD to transport produce from Florida to New Jersey and elsewhere.

4

29.  Defendant McCLOUD and Defendant 803 consented to act on Defendant JERUE's behalf and be subject to Defendant JERUE's control and Defendant JERUE consented to have them do so.

30.  Defendant JERUE controlled the means and methods of Defendant McCLOUD's work including, but not limited to the date, time and location of shipments, deliveries and return from deliveries, routes taken, driver instructions, and authorized, consented to and or directed Defendant McCLOUD to drive in a fatigued state, in violation of hours of service rules and with defective equipment including, but not limited to improper tire treads and inoperative/defective brakes, all of which proximately contributed to the happening of the accident.

31.  Defendant JERUE is liable for the damages suffered by Plaintiffs under the principle of agency.

32.  Defendant C&S retained 803 and McCLOUD to transport produce from Florida to New Jersey and elsewhere.

33.  Defendant McCLOUD and Defendant 803 consented to act on Defendant C&S' behalf and be subject to C&S' control and C&S consented to have them do so.

34.  Defendant C&S controlled the means and methods of McCLOUD's work including, but not limited to the date, time and location of shipments, deliveries and return from deliveries, routes taken, driver instructions, and authorized, consented to and or directed Defendant McCLOUD to drive in a fatigued state, in violation of hours of service rules and with defective equipment including, but not limited to improper tire treads and inoperative/defective brakes, all of which proximately contributed to the happening of the accident.

35.  Defendant C&S is liable for the damages suffered by Plaintiffs under the principle of agency.

36.  Defendant CAP retained 803 and McCLOUD to transport produce from Florida to New Jersey and elsewhere.

37.  Defendants McCLOUD and 803 consented to act on Defendant CAP's behalf and be subject to CAP's control and CAP consented to have them do so.

38.  Defendant CAP controlled the means and methods of McCLOUD's work including, but not limited to the date, time and location of shipments, deliveries and return from deliveries, routes taken, driver instructions, and authorized, consented to and or directed Defendant McCLOUD to drive in a fatigued state, in violation of hours of service rules and with defective equipment including, but not limited to improper tire treads and

5

inoperative/defective brakes, all of which proximately contributed to the happening of the accident.

39.    Defendant CAP is liable for the damages suffered by Plaintiffs under the principle of agency.

## THIRD CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION AND SUPERVISION OF 803 BY JERUE, C&S & CAP

40.    All allegations and causes of action above are incorporated into this cause of action by reference.

41.    Defendants JERUE, C&S and CAP hired, retained and supervised by and through a contract carrier agreement and/or broker agreement and/or lease agreement and/or otherwise, Defendant 803 to transport produce on its behalf. Defendants JERUE, C&S and CAP knew, or through the exercise of reasonable care should have known that Defendant 803 was incompetent, had not been assigned a safety rating by the FMCSA, was impaired financially, had a history of violations of the FMCSA including, but not limited to, false drivers record of duty status, tire tread depth violations, log violations, "out of service" orders issued to Defendant McCLOUD, size/weight violations, and was otherwise incompetent to operate safely as required by the FMCSRs.

42.    Defendants JERUE, C&S and CAP had a duty to exercise reasonable care to hire, retain and supervise a competent motor carrier to perform as an interstate commerce carrier.

43.    Defendants JERUE, CAP and C&S breached their duty to members of the general public to hire, return and supervise a competent motor carrier.

44.    The aforementioned incompetency of Defendant 803 directly caused and/or contributed to the happening of the subject accident in which Plaintiffs were injured and LATOYA McKEITHAN was killed.

45.    Defendants JERUE, C&S and CAP are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their negligence in hiring, retaining and supervising Defendant 803, an incompetent motor carrier.

## FOURTH CAUSE OF ACTION

### NEGLIGENT HIRING, RETENTION AND SUPERVISION OF MCCLOUD BY 803, JERUE, C&S AND CAP

6

46. All allegations and causes of action above are incorporated into this cause of action by reference.

47. Defendants 803, JERUE, C&S and CAP hired, retained and supervised Defendant McCLOUD to operate the tractor-trailer involved in the accident. Defendants 803, JERUE, CAP and C&S knew, or through the exercise of reasonable care should have, known that Defendant McCLOUD was an incompetent, reckless and dangerous driver who among other things, had multiple moving traffic violations and suspensions including but not limited to speeding and disobeying traffic devices, multiple FMCSR violations, including but not limited to, falsifying driver logs, improper driver record of duty status, out-of-service citation, log violations, all of which occurred prior to the happening of the subject accident and all of which Defendants 803, JERUE, C&S and CAP knew, or through the exercise of reasonable care, could have known that Defendant McCLOUD was an incompetent, reckless and dangerous driver.

48. Defendants 803, JERUE, CAP and C&S had a duty to exercise reasonable care to hire, retain and supervise a competent tractor-trailer driver.

49. Defendants 803, JERUE, CAP and C&S breached their duty to members of the general public to hire, retain and supervise a competent driver.

50. The aforementioned incompetency of Defendant McCLOUD, including a history of speeding and "hours of service violations" caused and/or contributed to the subject accident as improper speed, inadequate alertness and fatigue on the part of Defendant McCLOUD caused and/or contributed to the subject accident in which Plaintiffs were injured and LATOYA McKEITHAN was killed.

51. Defendants 803, JERUE, C&S and CAP are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their negligence in hiring, retaining and supervising Defendant McCLOUD, an incompetent, negligent, dangerous and reckless driver.

## FIFTH CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF VEHICLES BY 803 AND JACOBS

52. All allegations and causes of action above are incorporated into this cause of action by reference.

53. At the time of the accident Defendants 803 and JACOBS permitted Defendant McCLOUD to operate its tractor-trailer when they knew, or should have known that he was a negligent, reckless and dangerous driver and likely to cause injuries to others lawfully using the roadway.

7

54. The occurrence and resulting injuries, damages and losses were caused, in whole or in part, by the negligence of the Defendants in entrusting the tractor-trailer to Defendant McCLOUD, a negligent, reckless and dangerous driver.

55. Defendants 803 and JACOBS are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their negligent entrustment.

## SIXTH CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF EQUIPMENT BY 803 AND JACOBS

56. All allegations and causes of action above are incorporated into the cause of action by reference.

57. Defendant JACOBS negligently entrusted to Defendant 803 and Defendant McCLOUD a defective and negligently maintained trailer with improper tire treads and inoperative and defective brakes and braking system.

58. Defendant 803 negligently entrusted to Defendant McCLOUD a defective and negligently maintained tractor and trailer, both of which had improper tire treads and inoperative and defective brakes and braking systems.

59. The aforementioned negligent entrustment of the defective and negligently maintained tractor and trailer was a proximate cause of the accident as the defects caused and/or contributed to the happening of the accident and the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN.

60. Defendants 803 and JACOBS are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their negligent entrustment.

## SEVENTH CAUSE OF ACTION

### NEGLIGENT ENTRUSTMENT OF ACTIVITY BY JERUE, CAP AND C&S

61. All allegations and causes of action above are incorporated into this cause of action by reference.

62. Defendants JERUE, CAP and C&S permitted Defendant 803 to transport produce in interstate commerce on its behalf when JERUE, CAP and C&S knew, or through the exercise of reasonable care should have known, that Defendant 803 was an incompetent motor carrier that had not been assigned a safety rating by the FMCSA, was impaired

8

financially, had a history of violations of the FMCSR, operated defective equipment and retained a incompetent, negligent and reckless driver with a history of traffic violations and FMCSR violations.

63. Defendants JERUE, CAP and C&S knew, or should have known that the entrusting of the activity of interstate transporting of produce to Defendant 803 would result in creating an unreasonable risk of harm to others.

64. The negligent entrusting by JERUE, CAP and C&S to 803 of the activity of transporting produce in interstate commerce was a competent producing cause of the accident, injuries suffered by Plaintiff's and death of LATOYA McKEITHAN.

65. Defendants JERUE, CAP and C&S are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their negligent entrustment.

EIGHTH CAUSE OF ACTION

MOTOR CARRIER ACT VIOLATIONS BY JERUE AND C&S

66. All allegations and causes of action above are incorporated into this cause of action by reference.

67. Pursuant to 49 U.S.C. 14704(a)(2), an interstate motor carrier, broker and/or freight forwarder providing transportation of services subject to the Federal Motor Carrier Act, is liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such Federal rules and regulations.

68. The Federal Motor Carrier Act, under 49 U.S.C. 14101(a), mandates that a motor carrier, "shall provide safe and adequate service, equipment and facilities."

69. Defendant JERUE and/or Defendant C&S hired, by and through a contract carrier agreement and/or broker agreement and/or lease agreement, Defendant 803 to transport produce on its behalf.

70. Defendant JERUE and/or Defendant C&S a knowledgeable and sophisticated motor carrier broker and/or freight forwarding company, knew or should have known, that Defendant 803 was incompetent, had not been assigned a safety rating by the FMCSA, was impaired financially, had a history of violations of the FMCSR, including, but not limited to, violations of the hours of service rules, had drivers placed "out-of-service" for such violations, operated defective equipment and was otherwise unsuited and unfit to operate safely as required by the FMCSRs and was, therefore, unable to provide safe and adequate service, equipment and facilities as mandated under 49 U.S.C. 14101(a).

9

71. As such, pursuant to 49 U.S.C. 14704(a)(2), Defendant JERUE and/or Defendant C&S, in providing transportation services by and through a contract carrier agreement and/or broker agreement and/or lease agreement with Defendant 803 violated 49 U.S.C.14101(a) by failing to provide safe and adequate service, equipment and facilities and are liable for any and all injuries to Plaintiffs herein.

72. Defendant JERUE and/or Defendant C&S are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of its violation of 49 U.S.C.14101(a).

NINTH CAUSE OF ACTION

MOTOR CARRIER SAFETY RULE VIOLATIONS BY JERUE, C&S AND CAP

73. All allegations and causes of action above are incorporated into this cause of action by reference.

74. Pursuant to 49 C.F.R. 390.13, no person shall aid, abet, encourage or require a motor carrier or its employees to violate FMCSRs.

75. Defendants JERUE, C&S and CAP aided, abetted, encouraged and/or required Defendant 803, by and through its agent, servant and/or employee Defendant McCLOUD to violate 49 C.F.R. 395.3; 395.8, 393.3, 393.45, 396.3A, 393.75, 393.48, 393.75 and 396.17.

76. Defendants' violations of the FMCSRs were a competent producing cause of the subject accident, injuries to Plaintiffs and death of LATOYA McKEITHAN.

77. Defendants JERUE, C&S and CAP are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN as a result of their violations of the FMCSRs.

TENTH CAUSE OF ACTION

LEASE LIABILITY

78. All allegations and causes of action above are incorporated into this cause of action by reference.

79. Defendant JERUE, a licensed motor carrier, leased the tractor-trailer involved in the subject accident and the driver of same.

80. Defendant JERUE was required by 49 C.F.R. 376.12 to have exclusive possession, control and use of the leased vehicle.

10

81. Defendant JERUE was required to have control of and be responsible for operating the vehicle in compliance with the federal regulations and other applicable laws as if the tractor-trailer was owned by JERUE.

82. Defendant JERUE is liable for the injuries suffered by Plaintiffs and the death of Latoya LATOYA McKEITHAN.

## ELEVENTH CAUSE OF ACTION

### JOINT VENTURE AGAINST JERUE, C&S and CAP

83. All allegations and causes of action above are incorporated into this cause of action by reference.

84. Defendants JERUE, CAP and C&S entered into an agreement with Defendant 803 for the transport of produce from Florida to New Jersey and elsewhere.

85. Defendants agreed with 803 to share profits from that joint adventure.

86. Defendants JERUE, CAP and C&S had the legal right to control the conduct and manner and means in which 803 performed the transport including, but not limited to the date, time and location of shipments, deliveries and return from deliveries, routes taken, driver instructions and Defendants authorized, consented to and/or directed Defendant McCLOUD to drive in a fatigued state, in violation of hours of service rules and with defective equipment.

87. Defendants JERUE, CAP and C&S are liable for the injuries suffered by Plaintiffs and the death of LATOYA McKEITHAN.

## TWELFTH CAUSE OF ACTION

### PUNITIVE DAMAGES AGAINST 803, JERUE, C&S AND CAP

88. Defendants 803, JERUE, C&S and CAP hired, retained and supervised Defendant McCLOUD to operate the tractor-trailer involved in the accident. Defendants 803, JERUE, CAP and C&S knew that Defendant McCLOUD was an incompetent, reckless and dangerous driver who among other things, had multiple moving traffic violations and suspensions including but not limited to speeding and disobeying traffic devices, multiple FMCSR violations, including but not limited to, falsifying driver logs, improper driver record of duty status, out-of-service citation, log violations, all of which occurred prior to the happening of the subject accident and all of which Defendant 803, JERUE, C&S and

11

CAP knew, or through the exercise of reasonable care, could have known that Defendant McCLOUD was an incompetent, reckless and dangerous driver.

89. Defendants 803, JERUE, C&S and CAP's conduct was willful or wanton and ratified and/or condoned by management of the Defendants.

WHEREFORE, the Plaintiffs pray as follows:

1. For awards to each Plaintiff in excess of $10,000.00;

2. That the costs of this action be taxed against some other party;

3. For a Trial by Jury on all issues of fact so triable;

4. Such other and further relief as this Court deems just and proper.

This the 8th day of March, 2011.

FRIEDMAN & SIMON, L.L.P.

ROGER L. SIMON
333 Jericho Turnpike
Jericho, New York 11753
(516) 932-0400
(516) 932-0455 (facsimile)

THE LAW OFFICE OF JEANNE H. WASHBURN

JEANNE H. WASHBURN
3737 Glenwood Ave. Ste. 100
Raleigh, NC 27612
(919) 821-7555
(919) 573-1893 (facsimile)

12

# STATE OF NORTH CAROLINA

_____Wilson_____ County

File No. 11CVS455

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
ALICA DOCKERY

Address
Friedman & Simon, L.L.P. 333 Jericho Turnpike

City, State, Zip
Jericho                    NY      11753

**VERSUS**

Name Of Defendant(s)
803 TRUCKING

803 TRUCKING, LLC

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| 803 Trucking | 803 Trucking, LLC |
| 2231 Main Street | 2231 Main Street |
| Columbia          SC   29201 | Columbia          SC    29201 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time |  |
|---|---|---|---|
| Roger L. Simon, Esq. | 3-11-11 | 3:39 | ☐ AM ☒ PM |
| Friedman & Simon, LLP | Signature | | |
| 333 Jericho Turnpike | KC Bentley | | |
| Jericho, NY  11753          NY  11753 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01                                        (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

| | File No. |
|---|---|

Wilson **County**

In The General Court Of Justice
☐ District  ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| ALEICA DOCKERY |
| Address |
| Friedman & Simon, L.L.P.  333 Jericho Turnpike |
| City, State, Zip |
| Jericho                                      NY        11753 |

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| 803 TRUCKING | |
| | Date(s) Subsequent Summons(es) Issued |
| 803 TRUCKING, LLC | |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 3 | Name And Address Of Defendant 4 |
|---|---|
| 803 Motorsports, LLC | Jeffrey Leon McCloud |
| 2231 Main Street | 9 Trend Drive |
| | |
| Columbia            SC   29201 | Bishopville             SC      29010 |

### A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | |
|---|---|---|---|
| Roger L. Simon, Esq. | 3-11-11 | 3:39 | ☐ AM ☒ PM |
| Friedman & Simon, LLP | Signature | | |
| 333 Jericho Turnpike | KC Bentley | | |
| Jericho, NY  11753                      NY  11753 | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01                                                    (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____Wilson_____ County

File No.

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
|---|
| ALEICA DOCKERY |

Address
Friedman & Simon, L.L.P.  333 Jericho Turnpike

City, State, Zip
Jericho                    NY      11753

**VERSUS**

| Name Of Defendant(s) |
|---|
| 803 TRUCKING |
| |
| 803 TRUCKING, LLC |

# CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant | Name And Address Of Defendant |
|---|---|
| John J. Jerue Truck Broker, Inc. | John J. Jerue Transportation, Inc. |
| 3200 Flightline Drive | 3200 Flightline Drive |
| Suite 202 | Suite 202 |
| Lakeland                    FL   33811 | Lakeland                    FL   33811 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served.  You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM |
|---|---|---|---|
| Roger L. Simon, Esq. | 3-11-11 | 3:39 | ☒ PM |
| Friedman & Simon, LLP | Signature | | |
| 333 Jericho Turnpike | _KC Bentley_ | | |
| Jericho, NY  11753                    NY  11753 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | | | ☐ PM |
| | Signature | | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** _Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial.  The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 10/01                                        (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

4 of 90

# STATE OF NORTH CAROLINA

_____ Wilson _____ County

File No. _____

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| Name Of Plaintiff<br>ALEICA DOCKERY<br>Address<br>Friedman & Simon, L.L.P. 333 Jericho Turnpike<br>City, State, Zip<br>Jericho                         NY        11753 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS<br><br>G.S. 1A-1, Rules 3, 4 |
| **VERSUS** | |
| Name Of Defendant(s)<br>803 TRUCKING<br><br>803 TRUCKING, LLC | Date Original Summons Issued<br><br>Date(s) Subsequent Summons(es) Issued |

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Jerue Inc. | Diel-Jerue Inc. |
| 3200 Flightline Drive | 3200 Flightline Drive |
| Suite 202 | Suite 202 |
| Lakeland              FL   33811 | Lakeland              FL      33811 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)<br>Roger L. Simon, Esq.<br>Friedman & Simon, LLP<br>333 Jericho Turnpike<br>Jericho, NY  11753                    NY   11753 | Date Issued<br>3-11-11 | Time<br>3:39 ☐ AM ☒ PM |
| | Signature<br>KC Bentley | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time ☐ AM ☐ PM |
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

NOTE TO PARTIES: Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 10/01                    (Over)
© 2001 Administrative Office of the Courts

Case 5:11-cv-00203-FL   Document 1-2   Filed 04/25/11   Page 19 of 41

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

5 of 90

# STATE OF NORTH CAROLINA

File No. _____

_____ Wilson _____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| ALEICA DOCKERY | |

**Address**
Friedman & Simon, L.L.P. 333 Jericho Turnpike

**City, State, Zip**
Jericho                    NY        11753

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

### VERSUS

**Name Of Defendant(s)**
803 TRUCKING

803 TRUCKING, LLC

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Diel-Jerue Logistics Inc. | C&S Wholesale Grocers, Inc., d/b/a C&S Wholesale Grocers |
| 8509 NW Gainesville Road | 7 Corporate Drive |
| Lakeland            FL   33811 | Keene            NH        03431 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☐ AM |
|---|---|---|---|
| Roger L. Simon, Esq. | 3-11-11 | 3:39 | ☒ PM |
| Friedman & Simon, LLP | Signature | | |
| 333 Jericho Turnpike | K C Bentley | | |
| Jericho, NY 11753          NY 11753 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | ☐ PM |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01                    (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

6 of 90

# STATE OF NORTH CAROLINA

File No.

_____ Wilson _____ County

In The General Court Of Justice
☐ District  ☒ Superior Court Division

Name Of Plaintiff
ALECA DOCKERY

Address
Friedman & Simon, L.L.P. 333 Jericho Turnpike

City, State, Zip
Jericho          NY     11753

## CIVIL SUMMONS
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

### VERSUS

Name Of Defendant(s)

803 TRUCKING

803 TRUCKING, LLC

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

### To Each Of The Defendant(s) Named Below:

Name And Address Of Defendant 1
Collington Services, LLC
16020 Leeland Road

Upper Marlboro          MD  20774

Name And Address Of Defendant 2
DuBois Logistics, LLC
891 Beaver Drive

DuBois          PA     15801

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)
Roger L. Simon, Esq.
Friedman & Simon, LLP
333 Jericho Turnpike
Jericho, NY 11753          NY  11753

Date Issued
3-11-11

Time
3:39
☐ AM
☒ PM

Signature
KC Bentley
☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

☐ ENDORSEMENT
This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days.

Date Of Endorsement

Time
☐ AM
☐ PM

Signature
☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____Wilson_____ County

**File No.**

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>ALICA DOCKERY<br>*Address*<br>Friedman & Simon, L.L.P. 333 Jericho Turnpike<br>*City, State, Zip*<br>Jericho      NY   11753 | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS<br><br>G.S. 1A-1, Rules 3, 4 |

**VERSUS**

| | |
|---|---|
| *Name Of Defendant(s)*<br>803 TRUCKING<br><br>803 TRUCKING, LLC | *Date Original Summons Issued*<br><br>*Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* | *Name And Address Of Defendant 2* |
|---|---|
| Erie Logistics, LLC<br>5873 Genesee Street<br><br>Lancaster      NY  14086 | ES3, LLC<br>7 Corporate Drive<br><br>Keene      NH  03431 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Roger L. Simon, Esq.<br>Friedman & Simon, LLP<br>333 Jericho Turnpike<br>Jericho, NY 11753      NY  11753 | *Date Issued*<br>3-11-11 | *Time*<br>3:39 | ☐ AM<br>☒ PM |
|---|---|---|---|
| | *Signature*<br>KC Bentley | | |
| | ☒ Deputy CSC    ☐ Assistant CSC | | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ Deputy CSC    ☐ Assistant CSC | | ☐ Clerk Of Superior Court |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

# RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

8 of 90

# STATE OF NORTH CAROLINA

_____Wilson_____ County

| File No. |
| --- |

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff |
| --- |
| ALEICA DOCKERY |
| Address |
| c/o Friedman & Simon, L.L.P., 333 Jericho Turnpike |
| City, State, Zip |
| Jericho ⁣ ⁣ ⁣ ⁣ ⁣ NY ⁣ ⁣ 11753 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS

G.S. 1A-1, Rules 3, 4

**VERSUS**

| Name Of Defendant(s) |
| --- |
| 803 TRUCKING |
| |
| 803 TRUCKING, LLC |

| Date Original Summons Issued |
| --- |

| Date(s) Subsequent Summons(es) Issued |
| --- |

## To Each Of The Defendant(s) Named Below:

| Name And Address Of Defendant 1 ☒ ⁣ ⁣ IS | Name And Address Of Defendant ☒ ⁣ ⁣ Iᵧ |
| --- | --- |
| Central American Produce, Inc. | Jacobs Automotive Group |
| 1500 West Atlantic Boulevard | 2720 Main Street |
| Pompano Beach ⁣ ⁣ FL ⁣ 33069 | Columbia ⁣ ⁣ ⁣ SC ⁣ ⁣ 29201 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued 3-11-11 | Time 3:39 | ☐ AM ☒ PM |
| --- | --- | --- | --- |
| Roger L. Simon, Esq. | Signature | | |
| Friedman & Simon, L.L.P. | KC Bentley | | |
| 333 Jericho Turnpike | | | |
| Jericho ⁣ ⁣ NY ⁣ 11753 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT | Date Of Endorsement | Time | ☐ AM ☐ PM |
| --- | --- | --- | --- |
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

NOTE TO PARTIES: _Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

9 of 90

# STATE OF NORTH CAROLINA

**File No.**

_____Wilson_____ County

In The General Court Of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>ALEICA DOCKERY | |
| *Address*<br>c/o Friedman & Simon, L.L.P., 333 Jericho Turnpike | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Jericho      NY    11753 | ☐ ALIAS AND PLURIES SUMMONS |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name Of Defendant(s)*<br>803 TRUCKING | *Date Original Summons Issued* |
| 803 TRUCKING, LLC | *Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 6* | *Name And Address Of Defendant 2* |
|---|---|
| Jodie Andy Pass | Jodie Andy Pass, Jr. |
| 6 Cottage Place Gardens | 1428 Crescent Drive |
| Yonkers      NY   10701 | Tarrytown      NY    10591 |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Roger L. Simon, Esq.<br>Friedman & Simon, L.L.P.<br>333 Jericho Turnpike<br>Jericho      NY   11753 | *Date Issued*<br>3-11-11 | *Time*<br>3:39 | ☒ AM<br>☐ PM |
|---|---|---|---|
| | *Signature*<br>KC Bentley | | |
| | ☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

| ☐ **ENDORSEMENT**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01        (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM  ☐ PM | Name Of Defendant |
|---|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid | Signature Of Deputy Sheriff Making Return |
|---|---|
| $ | |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

ACC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

_____ Wilson _____ County

File No. _____

In The General Court Of Justice
☐ District ☐ Superior Court Division

| | |
|---|---|
| *Name Of Plaintiff*<br>ALEICA DOCKERY | |
| *Address*<br>c/o Friedman & Simon, L.L.P. 333 Jericho Turnpike | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Jericho                    NY      11753 | ☐ ALIAS AND PLURIES SUMMONS |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name Of Defendant(s)*<br>803 TRUCKING | *Date Original Summons Issued* |
| 803 TRUCKING, LLC | *Date(s) Subsequent Summons(es) Issued* |

## To Each Of The Defendant(s) Named Below:

| *Name And Address Of Defendant 1* lg | *Name And Address Of Defendant 2* |
|---|---|
| Jacobs Automotive Group LLC | |
| Gilbert Jacobs, III | |
| 5 Dunnock Court | |
| Columbia                    SC   29229 | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff)*<br>Roger L. Simon, Esq.<br>Friedman & Simon, L.L.P.<br>333 Jericho Turnpike<br>Jericho                    NY   11753 | *Date Issued*<br>3-11-11 | *Time*<br>3:39 | ☐ AM<br>☒ PM |
|---|---|---|---|
| | *Signature*<br>KC Bentley | | |
| | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date Of Endorsement* | *Time* | ☐ AM<br>☐ PM |
|---|---|---|---|
| | *Signature* | | |
| | ☐ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

NOTE TO PARTIES: *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01                    (Over)
© 2001 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)

☐ Other manner of service (specify)

☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative Office of the Courts



**Yates, McLamb & Weyher, L.L.P.**
ATTORNEYS AT LAW

*Excellence & Integrity*

One Bank of America Plaza
421 Fayetteville Street
Suite 1200
Raleigh, NC 27601

P.O. Box 2889
Raleigh, NC 27602-2889
Telephone: (919) 835-0900
Fax: (919) 835-0910

Christie Daniel Herding
NC State Bar Certified Paralegal

Direct Line: (919) 719-6032
E-mail: cherding@ymwlaw.com
Website: www.ymwlaw.com

April 18, 2011

Wilson County Clerk of Superior Court
P.O. Box 1608
Wilson, NC 27894-1608

Re:  *Aleica Dockery, Aleica Dockery, as Administrator of the Estate of Latoya McKeithan, Michael Dockery and DeAngelo McKeithan v. 803 Trucking, et. al.*
     **Civil Action No.**    :    **11 CVS 455 – Wilson County**
     **Our File No.**       :    **603-3051**

Dear Sir or Madam:

     Enclosed is an original with one copy of the Defendant Central American Produce, Inc.'s Motion for Extension of Time to Answer with proposed Order. If the enclosed meets with your approval, we respectfully request that you execute and file the original with the Court, as well as return a signed, file-stamped copy in the enclosed self-addressed stamped envelope. By copy of this correspondence, I am serving all counsel of record. Should you have any questions, please do not hesitate to contact Rod, David or me. Thank you for your assistance.

               Yours truly,

               *Christie*

               Christie Daniel Herding, N.C.S.B.C.P.
               N.C. State Bar Certified Paralegal

Enclosures
cc:   Roger L. Simon, Esquire
      Jeanne H. Washburn, Esquire

bcc:    Claim No: ENH2059

Holly Lerose
Travelers
Complex Claims
One Tower Square, 7MS
Hartford, CT  06183-1050

NORTH CAROLINA

WILSON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 455

ALEICA DOCKERY, ALEICA )
DOCKERY, as Administrator of the Estate )
of LATOYA McKEITHAN, MICHAEL )
DOCKERY and DeANGELO )
McKEITHAN, )
                Plaintiffs, )
)
      vs. )
)
803 TRUCKING, 803 TRUCKING, L.L.C., )
803 MOTORSPORTS, L.L.C., JEFFREY )
LEON McCLOUD, JOHN J. JERUE )
TRUCK BROKER, INC., JOHN J. JERUE )
TRANSPORTATION, INC., JERUE, INC., )
DIEL-JERUE, INC., DIEL-JERUE )
LOGISTICS, INC., C&S WHOLESALE )
GROCERS, INC. d/b/a C&S )
WHOLESALE GROCERS, )
COLLINGTON SERVICES, L.L.C., )
DUBOIS LOGISTICS, L.L.C., ERIE )
LOGISTICS, L.L.C., ES3, L.L.C., )
CENTRAL AMERICAN PRODUCE, )
INC., JACOBS AUTOMOTIVE GROUP, )
JACOBS AUTOMOTIVE GROUP, L.L.C., )
JODIE ANDY PASS, and JODIE ANDY )
PASS, JR., )
                Defendants. )

**DEFENDANT CENTRAL AMERICAN
PRODUCE, INC.'S MOTION FOR
EXTENSION OF TIME TO ANSWER**

     Defendant Central American Produce, Inc. (hereafter known as "Defendant CAP"),

pursuant to Rule 6(b) of the North Carolina Rules of Civil Procedure, and before the time for

answering expires, moves the Court for a thirty-day extension of time within which to answer or

otherwise plead to the Complaint.

Defendant CAP was purportedly served with the Complaint via Certified Mail on or about March 25, 2011, as evidenced by the Affidavit of Service attached hereto as Exhibit A. Defendant CAP requests that it shall have until and including May 24, 2011.

In support of this motion, Defendant CAP submits unto the Court that additional time is needed to prepare an answer or otherwise respond to the Complaint.

WHEREFORE, Defendant CAP prays for a thirty (30) day extension up to and including, May 24, 2011, within which to answer or otherwise respond to the Complaint.

This the 18 day of April, 2011.

YATES, McLAMB, & WEYHER, L.L.P.

By:

RODNEY E. PETTEY
N.C. State Bar No.: 17715
DAVID M. FOTHERGILL
N.C. State Bar No.: 31528
Attorney for Defendant
Central American Produce, Inc.
Post Office Box 2889
Raleigh, NC 27602
Telephone:     (919) 835-0900
Facsimile:     (919) 835-0910

2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a copy of the foregoing Motion and Order for Extension of Time to Answer was served on the following parties to this action by: ( ) hand delivery ( X ) by depositing a copy of the same in the United States Mail postage prepaid and addressed to:

Roger L. Simon, Esquire
Friedman & Simon, L.L.P.
333 Jericho Turnpike
Jericho, NY 11753

Jeanne H. Washburn, Esquire
The Law Office of Jeanne H. Washburn
3737 Glenwood Avenue, Suite 100
Raleigh, NC 27612
*Attorneys for Plaintiffs*

This the 18 day of April, 2011.

YATES, McLAMB, & WEYHER, L.L.P.

By: _____

RODNEY E. PETTEY
N.C. State Bar No. 17715
DAVID M. FOTHERGILL
N.C. State Bar No. 31528
Attorney for Defendant
Central American Produce, Inc.
Post Office Box 2889
Raleigh, NC 27602
Telephone:    (919) 835-0900
Facsimile:    (919) 835-0910

3

STATE OF NORTH CAROLINA
COUNTY OF WILSON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
FILE NO.: 11cvs455

------------------------------------------------------------X

ALEICA DOCKERY, ALEICA DOCKERY as
Administrator of the Estate of LATOYA
McKEITHAN, MICHAEL DOCKERY and
DeANGELO McKEITHAN,

Plaintiffs,

**AFFIDAVIT OF SERVICE**

v.

803 TRUCKING, 803 TRUCKING LLC, 803
MOTORSPORTS LLC, JEFFREY LEON
McCLOUD, JOHN J. JERUE TRUCK
BROKER, INC., JOHN J. JERUE
TRANSPORTATION, INC., JERUE INC.,
DIEL-JERUE INC., DIEL-JERUE
LOGISTICS, INC., C&S WHOLESALE
GROCERS, INC. d/b/a C&S WHOLESALE
GROCERS, COLLINGTON SERVICES, LLC,
DUBOIS LOGISTICS, LLC, ERIE
LOGISTICS, LLC, ES3,LLC, CENTRAL
AMERICAN PRODUCE, INC., JACOBS
AUTOMOTIVE GROUP, JACOBS
AUTOMOTIVE GROUP LLC, JODIE ANDY
PASS and JODIE ANDY PASS JR.,

Defendants,

------------------------------------------------------------X

STATE OF NEW YORK)
                 ):
COUNTY OF NASSAU)

Roger L. Simon, being duly sworn, says:

     1.     That he is the duly authorized agent of the Plaintiffs, above named, being Plaintiffs' attorney of record, and has personal knowledge of the facts set forth in this affidavit.

     2.     The Plaintiffs herein, on the 11th day of March, 2011, filed their Complaint against the Defendant, CENTRAL AMERICAN PRODUCE, INC. and issued Summons against Defendant CENTRAL AMERICAN PRODUCE, INC.

     3.     That a copy of the summons and complaint was in fact received by defendant CENTRAL AMERICAN PRODUCE, INC., on or about the 25th day of March, 2011, as evidenced by the attached copy of the certified mail return receipt card.

     4.     That service of process over defendant CENTRAL AMERICAN PRODUCE, INC., was



obtained pursuant to Rule 4(j)(1)(c) of the North Carolina Rules of Civil Procedure.

This the 11th day of April, 2011

FRIEDMAN & SIMON, L.L.P.

By: Roger L. Simon
333 Jericho Turnpike
Jericho, New York 11753
(516) 932-0400
(516) 932-0455 (facsimile)

Sworn to and subscribed before me
this 11th day of April, 2011

_____
Notary Public

DAVID NIELAND
NOTARY PUBLIC, State of New York
01NI4894707
Qualified in Nassau County
Commission Expires May 18, 2011

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Central American Produce, Inc.
c/o Michael B. Warren
2200 Park Central Blvd. North
Suite 600
Pompano Beach FL 33064

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X /Cy Wa—    ☐ Agent
             ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                   8/28

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☑ Certified Mail        ☐ Express Mail
☐ Registered            ☑ Return Receipt for Merchandise
☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)

7009 2250 0002 3298 3505

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

NORTH CAROLINA

WILSON COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 455

ALEICA DOCKERY, ALEICA
DOCKERY, as Administrator of the Estate
of LATOYA McKEITHAN, MICHAEL
DOCKERY and DeANGELO
McKEITHAN,

          Plaintiffs,

vs.

803 TRUCKING, 803 TRUCKING, L.L.C.,
803 MOTORSPORTS, L.L.C., JEFFREY
LEON McCLOUD, JOHN J. JERUE
TRUCK BROKER, INC., JOHN J. JERUE
TRANSPORTATION, INC., JERUE, INC.,
DIEL-JERUE, INC., DIEL-JERUE
LOGISTICS, INC., C&S WHOLESALE
GROCERS, INC. d/b/a C&S
WHOLESALE GROCERS,
COLLINGTON SERVICES, L.L.C.,
DUBOIS LOGISTICS, L.L.C., ERIE
LOGISTICS, L.L.C., ES3, L.L.C.,
CENTRAL AMERICAN PRODUCE,
INC., JACOBS AUTOMOTIVE GROUP,
JACOBS AUTOMOTIVE GROUP, L.L.C.,
JODIE ANDY PASS, and JODIE ANDY
PASS, JR.,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER**

     Based upon the foregoing motion, for good cause shown, it is ORDERED that the

Defendant Central American Produce, Inc. may have until and including May 24, 2011, within

which to serve its answer or otherwise respond to the Complaint filed in this action.

     This the _____ day of _____, 2011.

                              _____

                           WILSON COUNTY CLERK OF COURT