IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-203-FL

| | |
|---|---|
| ALEICA DOCKERY; ALEICA DOCKERY, as Administrator of the Estate of Latoya McKeithan; MICHAEL DOCKERY; and DeANGELO McKEITHAN, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>803 TRUCKING; 803 TRUCKING LLC; 803 MOTORSPORTS LLC; JEFFREY LEON McCLOUD; JOHN J. JERUE TRUCK BROKER, INC.; JOHN J. JERUE TRANSPORTATION, INC.; JERUE INC.; DIEL-JERUE INC.; DIEL-JERUE LOGISTICS, INC.; C&S WHOLESALE GROCERS, INC., doing business as C&S Wholesale Grocers; COLLINGTON SERVICES, LLC; DUBOIS LOGISTICS, LLC; ERIE LOGISTICS, LLC; ES3, LLC; CENTRAL AMERICAN PRODUCE, INC.; JACOBS AUTOMOTIVE GROUP; JACOBS AUTOMOTIVE GROUP LLC; JODIE ANDY PASS; and JODIE ANDY PASS, JR., <br><br>　　　　　Defendants. | ORDER |

This matter comes before the court on plaintiffs' unopposed motion to remand pursuant to 28 U.S.C. § 1447(c) (DE # 34). The time for further briefing on these motions has passed, and the issues raised now are ripe for adjudication. For the reasons that follow, plaintiff's motion to remand is granted, and this matter is remanded to Wilson County Superior Court.

## BACKGROUND

Plaintiffs commenced this action on March 11, 2011, in Wilson County Superior Court. LaToya McKeithan ("L. McKeithan") was killed and plaintiffs Aleica Dockery ("A. Dockery"), Michael Dockery ("M. Dockery"), and DeAngelo McKeithan ("D. McKeithan") were injured in a motor vehicle accident, for which they seek to hold defendants liable. On April 25, 2011, defendants C&S Wholesale Grocers, Inc., Collington Services, LLC, Dubois Logistics, LLC, Erie Logistics, LLC and ES3, LLC removed plaintiffs' action to this court, purportedly with the consent of all other defendants. Conceding that there was not complete diversity of citizenship, defendants argued that defendants Jodie Andy Pass Jr. ("Pass Jr.") and Jodie Andy Pass ("Pass") were fraudulently joined.

On May 19, 2011, plaintiffs moved to remand the case to state court. Shortly thereafter, on May 23, 2011, plaintiffs filed an amended complaint against all defendants, presumably to comply with federal pleading standards under Rule 8 following Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. ----, 129 S. Ct. 1937 (2009). No defendant filed a response opposing plaintiffs' motion to remand.[1]

## DISCUSSION

A. Standard of Review

A civil action which is brought in state court, but over which the federal courts have original jurisdiction, may be removed by a defendant to the district court embracing the place where the

---

[1] There are also a number of motions to dismiss pending, including one filed by defendant Pass which predates plaintiffs' motion to remand. However, these Rule 12(b)(6) motions to dismiss cannot be adjudicated until this court satisfies itself of its jurisdiction. See Sucampo Pharms., Inc. v. Astella Pharma, Inc., 471 F.3d 544, 548 (4th Cir. 2006) ("[T]he dismissal of a case on an issue relating to the merits of the dispute, such as failure to state a claim, is improper without resolving threshold issues of jurisdiction.").

action is pending. 28 U.S.C. § 1441(a). To properly remove a case, the defendant must file a notice of removal in the district court within thirty (30) days of receipt of a copy of the initial pleading setting forth the claim for relief in the action. Id. § 1446(b). The defendant must also file a copy of the notice of removal in state court. Id. § 1446(d). At any time prior to final judgment, plaintiff may move to remand the case on the basis of lack of subject matter jurisdiction. Id. § 1447(c).

"Because removal jurisdiction raises significant federalism concerns, [federal courts] must strictly construe removal jurisdiction. If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (internal citations omitted). This presumption against removal jurisdiction places the "burden of establishing federal jurisdiction . . . upon the party seeking removal." Id.

Where, as here, a party asserts fraudulent joinder to claim jurisdiction on removal on diversity of citizenship grounds under 28 U.S.C. § 1332, the burden is on the removing party to "demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir.1993)) (emphasis in original). The Fourth Circuit has emphasized that courts should "accept the parties joined on the face of the complaint unless joinder is clearly improper . . . ." See id. at 425.

B.  Analysis

Defendants concede that, as pleaded by plaintiffs, the parties are non-diverse. At the time of her death, L. McKeithan was a citizen of New York and her estate (administered by plaintiff A. Dockery) has been probated in the Surrogate's Court of Westchester County, New York. See 28

U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ."). Defendants Pass Jr. and Pass are also allegedly citizens of the State of New York.[2] See Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) ("With the exception of certain class actions, Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant.").

To nevertheless assert diversity jurisdiction, defendants contend in their notice of removal that Pass and Pass Jr. were fraudulently joined as defendants to this action. They note that Pass was the alleged driver of the vehicle in which plaintiffs were riding when a tractor-trailer driven by defendant Jeffrey Leon McCloud ("McCloud") negligently and recklessly rear-ended them. Defendants assert that only conclusory allegations of Pass's negligence are contained in the complaint, and that Pass Jr. is simply identified as being vicariously liable for Pass's negligence. Defendants contend that these allegations are insufficient to withstand a Rule 12(b)(6) motion.

Defendant's fraudulent joinder argument is without merit for the reasons identified in plaintiffs' memorandum in support of their motion to remand. First, plaintiffs' pleadings are held to the *state court's* pleading standards, and North Carolina has declined to adopt the heightened standard set forth in Twombly. See Holleman v. Aiken, 193 N.C. App. 484, 490-91, 668 S.E.2d 579, 584-85 (2008) (reaffirming that "a court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle

---

[2] The pleadings indicate that L. McKeithan was a *resident* of New York at the time of her death, and that defendants Pass and Pass Jr. are *residents* of New York. It is citizenship, not residency, that counts for purposes of § 1332, and pleading the latter is generally insufficient to assert federal jurisdiction. See Axel Johnson, Inc. v. Caroll Carolina Oil Co., Inc., 145 F.3d 660, 663 (4th Cir. 1998). Where any doubt is to be resolved against an exercise of jurisdiction, the court assumes that L. McKeithan, Pass, and Pass Jr. are all New York citizens.

4

him to relief"). Moreover, defendants bear the "heavy burden" of showing that "plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor," which is "more favorable to the plaintiff [even] than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)." See Hartley, 187 F.3d at 424. Based on the pleadings at the time of removal, the court is unable to conclude that plaintiffs have no possibility in state court of establishing a negligence claim against Pass or Pass Jr.[3]

Second, even if the court were to find that plaintiffs' pleadings had been deficient under North Carolina law at the time of removal, the amended complaint filed by plaintiffs following removal is more than sufficient to defeat any claim of fraudulent joinder. The factual allegations supporting plaintiffs' claims against Pass, including that Pass was operating the vehicle with a defective rear light, that he changed lanes without first ascertaining that it was safe to do so, that he failed to keep his vehicle under control, and that he failed to maintain a proper speed, see Am. Compl. ¶ 22, are sufficient to withstand a challenge based on Twombly and Iqbal, let alone North Carolina's more lenient standard. The filing of an amended complaint was not necessary for the court to remand this case to state court, but it bears noting there now can be no doubt that Pass and Pass Jr. are proper parties in this action.

In short, defendants have not carried their burden of establishing fraudulent joinder. As framed in the complaint at the time of removal and again in the amended complaint filed May 23, 2011, the parties are not completely diverse as required by § 1332. Accordingly, this federal court lacks subject-matter jurisdiction over the exclusively state-law claims asserted by plaintiffs. This matter must be remanded to state court. Plaintiffs' motion to remand is GRANTED.

---

[3] Defendants do not allege outright fraud in plaintiffs' pleading of jurisdictional facts.

5

Case 5:11-cv-00203-FL   Document 80   Filed 08/08/11   Page 5 of 6

## CONCLUSION

For the foregoing reasons, plaintiffs' unopposed motion to remand (DE # 34) is GRANTED. This matter is hereby REMANDED to the General Court of Justice, Superior Court Division, Wilson County, North Carolina.

SO ORDERED, this the 4th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

6